UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTIN REYES, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00568-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFFS' FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES<br><br>(Docs. 7, 10)<br><br>**14-DAY OBJECTION PERIOD** |

### Relevant Background

Plaintiffs Jose Martin Reyes and Paulina Reyes ("Plaintiffs"), proceeding pro se, initiated this action with the filing of a complaint against Defendant Allstate Northbrook Indemnity Company ("Defendant") on January 30, 2025, in the Kern County Superior Court, Case No. BCV-25-100333. (Doc. 1). Defendant removed the action to this Court on May 14, 2025. (*See id.*). On May 21, 2025, Defendant filed the pending motion to dismiss and served the motion upon Plaintiffs.[1] (Doc. 7). Plaintiffs have failed to file an opposition or statement of non-opposition to Defendant's motion to dismiss.

---

[1] On May 22, 2025, the assigned district judge referred the pending motion to the undersigned for the preparation of findings and recommendations, vacated the motion hearing, and noted that the matter will be decided on the papers pursuant to Local Rule 230(g). (Doc. 8).

Accordingly, on June 16, 2025, the undersigned ordered Plaintiffs to "show cause in writing **within 14 days** of the date of service of this order, why sanctions should not be imposed for their failure to comply with the Local Rules." (Doc. 10 at 2) (emphasis in original). Plaintiffs were admonished that Local Rule 230(c) required they file either an opposition or statement of non-opposition to the Defendant's pending motion. In the alternative to showing cause for the avoidance of sanctions, Plaintiffs were afforded the opportunity to file an untimely opposition or statement of non-opposition to the pending motion to dismiss within that same time. *Id.* Plaintiffs were forewarned that "**[a]ny failure by Plaintiffs to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey the Local Rules and failure to prosecute**." *Id.* at 3 (emphasis in original).

Plaintiffs failed to file either a response to the Court's show cause order or an opposition or statement of non-opposition, and the time to do so has expired. For the reasons below, the undersigned will recommend that the Court dismiss this action without prejudice.

### Governing Legal Standards

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

## **Discussion**

Here, Plaintiffs have failed to comply with the Court's orders and Local Rules. Plaintiffs have filed no response to the Court's order to show cause nor an opposition or statement of non-opposition, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiffs' failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiffs' participation to prosecute the case and respond to the pending motion to dismiss filed on May 21, 2025. (Doc. 7). The presumption of injury holds given Plaintiffs' unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiffs have not moved this case forward toward disposition on the merits. They have instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and are thus impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in

favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiffs, cautioned: "**Any failure by Plaintiffs to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey the Local Rules and failure to prosecute**." (Doc. 10 at 3) (emphasis in original).

Plaintiffs were adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions. Because Plaintiffs have failed to comply with this Court's orders and Local Rules, and in so doing is failing to prosecute their case, the undersigned will recommend dismissal of this action.

### Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** as follows:

1. The Court DISMISS this action without prejudice for Plaintiffs' failure to prosecute this action and to comply with the Court's orders and Local Rules. *See* Local Rules 110, 230(c); and

2. The Clerk of the Court be directed close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  __July 7, 2025__

UNITED STATES MAGISTRATE JUDGE